UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY MARTIN LEBLANC                    CIVIL ACTION

VERSUS                                     NO. 09-6288

CITY OF NEW ORLEANS DEPARTMENT             SECTION "A" (1)
OF POLICE, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Stanley Martin LeBlanc, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants the New Orleans Police Department, Jason Cross, Abreace Daniel, Henry Burks, Marsha Thompson, C. Billiot, Deputy Clayton, Deputy Favoute,[1] Sgt. B. Dennis, Eugene Kararick, Chad Clark, and Orleans Parish Criminal Sheriff Marlin Gusman. In this lawsuit, plaintiff alleges that (1) he was falsely arrested and falsely imprisoned on August 1, 2007, (2) he was harassed and physically and verbally abused on February 10, 2009, and (3) his personal property was destroyed during a "shakedown" on July 14, 2009.

---

[1] Favoute was incorrectly named in the complaint as "Deputy Favoritte."

A Spears hearing was held in this matter on November 5, 2009.[2] Based on the complaint and the testimony at that hearing, the Court finds that plaintiff is making the following allegations in this proceeding.

Based on a report made by AT&T employees Eugene Kararick and Chad Clark, plaintiff was falsely arrested and falsely imprisoned for theft by New Orleans Police Officers Jason Cross, Abreace Daniel, Henry Burks, Marsha Thompson, and C. Billiot on August 1, 2007. Plaintiff is currently being evaluated to determine whether he is competent to stand trial on that criminal charge.

Plaintiff was harassed and physically and verbally abused by Deputy Clayton and Deputy Favoute in Orleans Parish Criminal District Court on February 10, 2009.

On July 14, 2009, plaintiff's personal property was destroyed during a "shakedown" ordered by Sgt. B. Dennis.

## Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

> (1) is frivolous, malicious, or fails to state a claim upon which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## False Arrest/False Imprisonment Claims

Plaintiff's first claim is that he was falsely arrested and falsely imprisoned for theft on August 1, 2007. With respect to that claim, he has named as defendants the New Orleans Police Department, Officer Jason Cross, Officer Abreace Daniel, Officer Henry Burks, Officer Marsh Thompson, Officer C. Billiot, Eugene Kararick, and Chad Clark.

As a preliminary matter, the Court notes that the New Orleans Police Department is an improper defendant. The New Orleans Police Department is not a legal entity capable of being sued.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Everson v. N.O.P.D. Officers (Names Unknown), Civ. Action No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); Atkinson v. NOPD, Civ. Action No. 06-5820, 2007 WL 2137793, at *1 (E.D. La. July 23, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Manley v. State of Louisiana, Civ. Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001). Accordingly, the claim against the New Orleans Police Department must be dismissed.

Eugene Kararick and Chad Clark are also improper defendants. Kararick and Clark are AT&T employees who filed the complaint which led to plaintiff's arrest. However, Kararick and Clark cannot be held liable under 42 U.S.C. § 1983 unless they violated plaintiff's federal constitutional rights *while acting under color of state law*. See, e.g., Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999). It is clear that "[a] private individual complainant in a criminal prosecution does not act under color of law." Pleasant v. Carraway, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (citing Grow v. Fisher, 523 F.2d 875, 879 (7th Cir. 1975)); see also Melton v. Dermota, No. 90-1530, 1991 WL 147490, at *7 (4th Cir. Aug. 6, 1991); Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988); Hoffman v. Ferguson, Civ. Action No. 09-5052, 2009 WL 1606736, at *3 (W.D. Ark. June 5, 2009); Serbalik v. Gray, 27 F.Supp.2d 127, 131-32 (N.D.N.Y. 1998); Rodgers v. Lincoln Towing Service, Inc., 596 F.Supp. 13, 21 (N.D. Ill. 1984), aff'd, 771 F.2d 194 (7th Cir. 1985). Moreover, the fact that the police relied upon the complaint in arresting and charging plaintiff does not make Kararick and Clark state actors. See Pleasant, 1994 WL 261217, at *1 (citing Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc., 673 F.2d 771,

772 (5th Cir. 1982)); see also Melton, 1991 WL 147490, at *7; Daniel, 839 F.2d at 1130. Accordingly, the claims against Kararick and Clark must be dismissed.

Lastly, the false arrest and false imprisonment claims against Officers Cross, Daniel, Burks, Thompson, and Billiot must be dismissed because they are prescribed. For the purposes of this federal civil rights action, those claims accrued in 2007. See Wallace v. Kato, 549 U.S. 384 (2007); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009). Plaintiff then had only one year to bring his claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Jordan, 2009 WL 2900013, at *2; Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Plaintiff's federal civil rights complaint was filed no earlier than September 4, 2009,[5] over two years after his claims accrued in 2007. Accordingly, his claims prescribed long before the instant lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Jordan, 2009 WL 2900013, at *2; Smith, 2008 WL 2951279, at *2.

---

[5] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, September 4, 2009.

Verbal Harassment/Verbal Abuse/Physical Abuse

Plaintiff's next claim is that he was harassed and physically and verbally abused by Deputies Clayton and Favoute during a court appearance on February 10, 2009. Those claims should likewise be dismissed.

It is clear that verbal harassment and verbal abuse simply do not give rise to a claim cognizable pursuant to 42 U.S.C. § 1983. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); see also Westbrook v. Treon, 78 Fed. App'x 970, 972 (5th Cir. 2003); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993); Harvey v. Thompson, Civ. Action No. 08-3850, 2009 WL 604887, at *9 (E.D. La. Mar. 4, 2009).

On the other hand, the use of excessive physical force obviously is actionable under § 1983. That said, it is nevertheless clear that plaintiff's allegations fall far short of what is required to state a nonfrivolous excessive force claim. As the United States Supreme Court has noted, not every "malevolent touch" is actionable. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Rather, excluded from "constitutional recognition are *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 10 (quotation marks omitted). In the instant case, plaintiff alleges that, following a purported disruption in court, he was removed by Deputies Clayton and Favoute, who pushed him around and hit him in the back of his head with their hands. Even if those allegations are true, the deputies actions involved a *de minimis* use of force and were not so egregious as to be "repugnant to the conscience of mankind." Accordingly, plaintiff's allegations fail to state a nonfrivolous excessive force claim.

Property Destruction

Lastly, plaintiff has sued Sgt. B. Dennis and Orleans Parish Criminal Sheriff Marlin Gusman concerning a claim that plaintiff's personal property was destroyed during a jail "shakedown" on July 14, 2009. Even if that is true, and even if Dennis and Gusman are proper defendants,[6] plaintiff's claim simply is not actionable under § 1983.

In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, *negligently* deprives a prisoner of his property, there is no due process violation *if* the state provides an adequate postdeprivation remedy. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to *intentional* deprivations of property. In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process Clause at all.

It is of no consequence whether plaintiff is alleging that he was deprived of his property through negligence or an intentional act, because "in neither instance does he state a valid § 1983 action for deprivation of property." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). If plaintiff is claiming negligence, his claim is barred by Daniels. If he is claiming intentional conduct, the

---

[6] It appears that Dennis and Gusman are not in fact proper defendants. It is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). At the Spears hearing, plaintiff appeared to acknowledge that neither Dennis nor Gusman personally participated in the property destruction. Although Dennis and Gusman are supervisory officials, they cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

claim is barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy, i.e. a tort suit brought in state court. Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Bennett v. Louisiana Department of Public Safety and Corrections, 61 Fed. App'x 919 (5th 2003); Arnold v. Inmate Accounts, 48 Fed. App'x 105 (5th Cir. 2002); Odom v. St. Tammany Parish S.O., Civ. Action No. 09-0109, 2009 WL 1147925, at *3 (E.D. La. Apr. 28, 2009). Accordingly, he may not pursue such a claim in this federal forum.

## State Law Claims

Out of an abundance of caution, the Court notes that, to the extent that he may be attempting to do so, plaintiff should not be allowed to pursue state law claims in this federal court. When a plaintiff's federal claims are dismissed, it is appropriate for the federal court to decline to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ninth day of November, 2009.

                                                      **SALLY SHUSHAN**
                                                      **UNITED STATES MAGISTRATE JUDGE**